UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03CV49-3-V
(5:98CR289-V)

| | |
|---|---|
| **TERRY KERMIT JOHNSON,** ) | |
| ) | |
|     **Petitioner,** ) | |
| ) | |
|     v. ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|     **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Amend his § 2255 Motion to Vacate (Document No. 17), filed July 11, 2005. For the reasons stated herein, the Motion is Amend will be <u>denied</u>.

A review of the record reveals that on July 2, 2001 Petitioner was sentenced to a term of imprisonment of 120 months for possession of cocaine with intent to distribute. The Fourth Circuit, in an unpublished opinion, affirmed Petitioner's sentence on March 20, 2002. Petitioner the filed a certiorari petition in the Supreme Court on June 14, 2002. The Supreme Court denied certiorari on October 17, 2002.

On April 18, 2003, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence alleging that his trial counsel was ineffective for: 1) failing to object to the judge's decision to declare a mistrial; 2) for failing to raise a double jeopardy challenge at his third trial; 3) for failing to object to erroneous information in Petitioner's pre-sentence report; and 4) for failing to argue that Petitioner qualified for the safety valve provision set forth in 18 U.S.C. § 3553.

On October 15, 2004 Petitioner filed a motion seeking to amend his motion to vacate to

include a claim based on the United States Supreme Court's holding in Blakely v. Washington, 124 S.Ct. 2531 (2004). This Court denied that motion on October 21, 2004 on the grounds that such an amendment would be futile.

On March 21, 2005 Petitioner filed a second motion to amend his motion to vacate to include a claim based on the United State's Supreme Court holding in United States v. Booker. This Court denied that motion on May 17, 2005 on the grounds that such an amendment would be futile.

Now, obviously undaunted by his previous lack of success in this regard, the Petitioner has filed the instant motion seeking to amend his motion to vacate to add two additional claims: 1) that his Indictment failed to charge two essential elements of drug type and drug quantity and 2) whether the trial court erred in allowing an amendment to the Indictment charging drug type and quantity.

Federal Rule of Civil Procedure 15 governs the procedure for amending habeas petitions. [1] Under Rule 15(a) of the Federal Rules of Civil procedure, leave to amend shall be freely given absent bad faith, undue prejudice to the opposing party, or futility of amendment. See Forman v. Davis, 371 U.S. 178, 182 (1962). A cause of action barred by an applicable statute of limitations is futile and therefore an amendment based on such a cause of action can be denied. See Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir. 1991). However, when proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading in certain circumstances. Relation back is permitted when the "claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading." Fed. R. Civ. P. 15(c)(2).

---

[1] To the extent that Petitioner's claims are "disguised" Blakely and Booker claims, this Court has twice denied such amendments because those claims are not deemed retroactive on collateral review and therefore would be futile. Therefore any attempt by Petitioner to raise them here in his third motion to amend, by giving them another name, will not be successful.

Here, Petitioner's sentence became final when the Supreme Court denied certiorari on October 7, 2002. Pursuant to the terms of the Antiterriorism and Effective Death Penalty Act of 1996, the Petitioner had up to and including October 7, 2003 in which to bring all of his collateral challenges to his convictions and/or sentence. Consequently, since the Petitioner is attempting to raise claims – of which he was or should have been well aware at the time he filed his Motion to Vacate in April 2003 – after the expiration of the one-year statute of limitations period, the subject claims cannot be construed as relating back to the allegations which were timely raised, the Court concludes that Petitioner's Motion to Amend should be denied as futile.[2] That is, inasmuch as the Petitioner's proposed claims are time-barred under the AEDPA, it would be futile to allow him to amend his Motion to Vacate to include those matters.

**Therefore, IT IS HEREBY ORDERED that** Petitioner's Motion to Amend is DENIED.

---

[2] According to the Fourth Circuit Court of Appeals, "[t]he fact that amended claims arise from the same trial and sentencing proceeding as the original motion does not mean that the amended claims relate back for purposes of Rule 15(c). See United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000).

**Signed: August 5, 2005**

Richard L. Voorhees
United States District Judge