UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
5:03CV49-3-V
(5:98CR289-V)

| | |
|---|---|
| TERRY KERMIT JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion for Reconsideration of Denial of 28 U.S.C. 2255 Pursuant to Rule 59(e)" filed July 20, 2006 (Document No. 26.) Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." In this case, this Court denied Petitioner's Motion to Vacate on July 5, 2006 and the judgment was entered on that same day. Petitioner dated his certificate of service form July 14, 2006, within the 10 day period allowed by Rule 59(e). Although Rule 59(e) does not provide any standard specifying when the grant of such a motion is appropriate, the Fourth Circuit has recognized three alternative grounds: (1) "'to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Clapper v. Chesapeake Conference of Seventh-Day Adventists, 166 F.3d 1208 (4th Cir. 1998) (unpublished decision) quoting Pacific Ins. Co. V. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

None of these avenues of relief is apposite here, since none arises naturally from the

1

contentions made in Petitioner's motion. Rather, by filing this Motion, Petitioner essentially seeks reconsideration of his Motion to Vacate filed pursuant to 28 U.S.C. § 2255, which, as stated above, this Court denied by Order dated July 5, 2006.

## 1. FACTUAL AND PROCEDURAL BACKGROUND

This Court relies of the facts as stated in its prior Order denying Petitioner's Motion to Vacate (Document No. 24.) In his Motion to Vacate, Petitioner claimed he was subjected to ineffective assistance of counsel in that his attorney: 1) failed to object to the judge's decision to declare a mistrial following his second trial; 2) failed to raise a double jeopardy challenge at his third trial; 3) failed to object to erroneous information in the pre-sentence report; and 4) failed to argue that Petitioner qualified for the safety valve provision set forth in 18 U.S.C. § 3553. Additionally, Petitioner filed a Motion to Amend and Supplement his § 2255 Motion to Vacate seeking to amend his Motion to Vacate to add an additional ineffective assistance of counsel claim, which this Court denied as futile due to the fact that it is time barred and the amendment does not relate back.

## ANALYSIS

Petitioner seeks to have this Court reconsider most of the claims he raised in his Motion to Vacate claiming that this Court erred in (1) failing to consider the Petitioner's due process right pursuant to 26.3; which is a "mandatory requirement" the district court "must do before" ordering a mistrial; (2) failing to consider the "full effect" of the Petitioner's Sixth Amendment right to effective assistance of counsel; and 3) in denying Petitioner's Motion to Amend.

Petitioner is attempting to have this Court relitigate these claims directly attacking his sentence. This is generally not permitted and is considered to be a successive petition. A successive

petition is available only in limited circumstances and while Petitioner names his Motion a Rule 59(e) Motion to Alter or Amend, courts must not allow prisoners to circumvent these limited circumstances by attaching labels other than "successive application" to their pleadings. Calderon v. Thompson, 523 U.S. 538, 553 (1998). The Fourth Circuit has instructed that while there "may be no infallible test" for distinguishing between a proper motion to reconsider from a successive petition, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition. United States v. Winestock, 340 F.3d 200206 (4th Cir. 2003) (Petitioner's motion for reconsideration arguing that (1) the court erred in refusing to apply Apprendi retroactively, (2) his appellate lawyer provided ineffective assistance of counsel in failing to raise his Apprendi claims, and (3) his lawyer performed deficiently in failing to disclose that he had been imprisoned and disbarred, was a successive petition over which the district court had no jurisdiction).

     Here, Petitioner is still clearly attacking his conviction and sentence and therefore, this Court will construe his Motion as a successive petition. The Antiterrorism and Effective Death Penalty Act requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the District Court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of Petitioner's claims in his motion to reconsider because he failed to first certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Motion for Reconsideration to Alter or Amend Judgment" is <u>Denied</u>.

**SO ORDERED**.

Signed: August 1, 2006

Richard L. Voorhees
United States District Judge