UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03CV49-3-V
(5:98CR289-V)

| | |
|---|---|
| TERRY KERMIT JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's "Second Motion for Reconsideration of Denial of 28 U.S.C. 2255 And Denial of First Motion for Reconsideration Denied on August 1, 2006" filed August 11, 2006 (Document No. 28.)

Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." In this case, this Court denied Petitioner's Motion to Vacate on July 5, 2006 and the judgment was entered on that same day. (Document No. 25.) Petitioner dated his certificate of service form August 8, 2006, clearly outside of the 10 day period allowed by Rule 59(e). Although Rule 59(e) does not provide any standard specifying when the grant of such a motion is appropriate, the Fourth Circuit has recognized three alternative grounds: (1) "'to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Clapper v. Chesapeake Conference of Seventh-Day Adventists, 166 F.3d 1208 (4th Cir. 1998) (unpublished decision) quoting Pacific Ins. Co. V. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

1

By filing this Motion, Petitioner essentially seeks reconsideration of his Motion to Vacate filed pursuant to 28 U.S.C. § 2255, which, as stated above, this Court denied by Order dated July 5, 2006 (Document No. 24.) Clearly Mr. Johnson is unhappy with the Court's denial of his Motion to Vacate. However, the Court has already considered and denied Petitioner's First Motion for Reconsideration (See Document No. 27.)[1] Obviously, undaunted by this Court's denial of his first Motion for Reconsideration, Petitioner has filed a second Motion for Reconsideration now claiming that the Court's July 5, 2006 Order was a clear error of law in that the Court failed to correctly resolve the question of whether the Petitioner was prejudiced by his counsel's ineffectiveness and the Court never considered Petitioner's due process rights before the Court ordered a mistrial. These two issues were raised in Petitioner's first motion for reconsideration (See document No. 26) which this Court denied on August 1, 2006. (Document No. 27.)

As an initial matter, Petitioner is outside of the 10 day period allowed by Rule 59(e). For this reason, this Court denies Petitioner's Motion for Reconsideration. Furthermore, contrary to Petitioner's assertion that it failed to correctly resolve the prejudice prong of Petitioner ineffective assistance of counsel claim, this Court analyzed the two-part test outlined in <u>Strickland v. Washington</u>, 466 U.S. 668, 687-91 (1984) in much detail in the Court's eleven page Order. (See

---

[1] In his first motion for reconsideration, Petitioner sought to have this Court reconsider most of the claims he raised in his Motion to Vacate claiming that this Court erred in (1) failing to consider the Petitioner's due process right pursuant to 26.3; which is a "mandatory requirement" the district court "must do before" ordering a mistrial; (2) failing to consider the "full effect" of the Petitioner's Sixth Amendment right to effective assistance of counsel; and 3) in denying Petitioner's Motion to Amend. This Court concluded that because Petitioner was still clearly attacking his conviction and sentence, his Motion was a successive petition which this Court was without authority to consider since Petitioner had failed to certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

Document No. 24.) This Court also addressed Petitioner due process rights with respect to the mistrial in its Order denying Petitioner's Motion to Vacate. (See Document No. 24.) Petitioner clearly disagrees with this Court's conclusions on each of these issues however that is not the standard for a motion for reconsideration pursuant to Rule 59. This Court is certain that Petitioner is well aware of the authority of the Fourth Circuit's jurisdiction over judgements entered by this Court as Petitioner has availed himself of its authority earlier in this case. Therefore, Petitioner, like all other litigants who may disagree with the rulings of this Court, has the ability to file an appeal of this Court's Order denying his Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's second Motion for Reconsideration is Denied.

**SO ORDERED**.

Signed: August 16, 2006

Richard L. Voorhees
United States District Judge