UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03CV49-3-V
(5:98CR289-V)

| | |
|---|---|
| TERRY KERMIT JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion for Disqualification of Richard L. Voorhees Pursuant to 28 U.S.C. § 4455 (sic) (b)(1) ("Personal Bias")" (Document No. 30.) Petitioner contends personal bias or prejudice is "assumed" in this case because the issue Petitioner has raised in these proceedings is the district court's failure to comply with Federal Rule of Civil Procedure 26.3.

A review of the record reveals that on July 2, 2001 Judge Malcolm Howard, sitting as a visiting judge, sentenced Petitioner to a term of imprisonment of 120 months for possession of cocaine with intent to distribute following Petitioner's third jury trial.[1] The Fourth Circuit, in an unpublished opinion, affirmed Petitioner's sentence on March 20, 2002. Petitioner filed a certiorari

---

[1] Petitioner's first trial began on July 14, 1999. On July 16, 1999 this Court declared a mistrial. On April 10, 2000 a second trial began as to Petitioner. On April 17, 2000 this Court declared a mistrial. On January 18, 2001, this Court issued an Order, on its own motion, transferring the case to Judge Malcolm Howard. Petitioner was again tried on January 29, 2001 before the Honorable Malcolm Howard and on February 2, 2001, the jury returned a verdict of not guilty as to Counts one, six and seven of the Second Superseding Indictment and a guilty verdict as to Count eight of the Second Superseding Indictment

petition in the Supreme Court on June 14, 2002. The Supreme Court denied certiorari on October 17, 2002.

On April 18, 2003, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence alleging that his trial counsel was ineffective for: 1) failing to object to the judge's decision to declare a mistrial following his second trial; 2) for failing to raise a double jeopardy challenge at his third trial; 3) for failing to object to erroneous information in Petitioner's pre-sentence report; and 4) for failing to argue that Petitioner qualified for the safety valve provision set forth in 18 U.S.C. § 3553. In an eleven page Order dated July 26, 2006 this Court throughly addressed all of Petitioner's claims and denied Petitioner's Motion to Vacate (Document No. 24). On July 20, 2006 Petitioner filed a Motion for Reconsideration (Document No. 26) which this Court denied by Order dated August 1, 2006 (Document No. 27.) On August 11, 2006 Petitioner filed a second Motion for Reconsideration (Document No. 28) which this Court denied by Order dated August 16, 2006 (Document No. 29.) In the Court's Order denying Petitioner's Motion for Reconsideration, this Court invited Petitioner to appeal the Court's denial of his Motion to Vacate to the Fourth Circuit Court of Appeals. Clearly unhappy with the Court's denial of his Motion to Vacate and Motions for Reconsideration, Petitioner filed this instant Motion to Disqualify on August 18, 2006.

Petitioner has not supported his Motion to Disqualify with facts which indicate that this Court was or is biased. Petitioner only argues, in a conclusory fashion, that bias or prejudice are "assumed" because the issue before this Court is whether the Court complied with a particular rule of civil procedure in making a ruling. That is not the standard. Petitioner has not articulated any basis that would support the notion that this Court should recuse itself. Therefore Petitioner Motion for Disqualification is DENIED.

**SO ORDERED**.

Signed: August 21, 2006

Richard L. Voorhees
United States District Judge