UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03CV49-3-V
(5:98CR289-V)

| | |
|---|---|
| **TERRY KERMIT JOHNSON,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's "Motion to reopen Judgment Pursuant to Fed. R. Civ. P. 60(b)(1)(4)" which this Court construes as Petitioner's third Motion for Reconsideration of the denial of his Motion to Vacate.

By filing this Motion, Petitioner essentially seeks reconsideration of his Motion to Vacate filed pursuant to 28 U.S.C. § 2255 which this Court denied by Order dated July 5, 2006 (Document No. 24.) Petitioner filed the instant motion pursuant to Rule 60(b)(1) and (4) claiming that this court made a mistake in that the Court failed to apply the correct review of the prejudice test under Strickland and the Court failed to correctly apply Rule 15(c)(2) to Petitioner's Motion to Amend. Petitioner argues that because the Court made these mistakes, the judgment is void under Rule 60(b)(4).

This Court relies on the facts as stated in its prior Order denying Petitioner's Motion to Vacate (Document No. 24.) In his Motion to Vacate, Petitioner claimed he was subjected to ineffective assistance of counsel in that his attorney: 1) failed to object to the judge's decision to

1

declare a mistrial following his second trial; 2) failed to raise a double jeopardy challenge at his third trial; 3) failed to object to erroneous information in the pre-sentence report; and 4) failed to argue that Petitioner qualified for the safety valve provision set forth in 18 U.S.C. § 3553. Additionally, Petitioner filed a Motion to Amend and Supplement his § 2255 Motion to Vacate seeking to amend his Motion to Vacate to add an additional ineffective assistance of counsel claim, which this Court denied as futile due to the fact that it is time barred and the amendment does not relate back.

On July 5, 2006 this Court denied Petitioner's Motion to Vacate and Petitioner's Motion to Amend (Document No. 24.) The Court throughly considered both prongs of the Strickland test with respect to the ineffective assistance of counsel claims and the relation back argument as it pertained to Petitioner's Motion to Amend. On July 20, 2006 Petitioner filed his first motion for reconsideration which this Court denied by Order dated August 1, 2006[1] (Document No. 27.) On August 11, 1006 Petitioner filed a second motion for reconsideration which this Court denied by Order dated August 16, 2006 (Document No. 29.) Petitioner then filed a motion to disqualify the undersigned which was denied by Order dated August 21, 2006 (Document No. 31.) Undaunted by his lack of success, petitioner has filed a third Motion for reconsideration.

The Court has not missed the obvious fact that Mr. Johnson is unhappy with the Court's denial of his Motion to Vacate as is evident by all of his motions for reconsideration. However, the Court has already considered and denied Petitioner's first[2] and second[3] motions for reconsideration.

---

[1] This Court denied Petitioner's first motion for reconsideration as a successive petition filed without first certifying his motion with the Fourth Circuit Court of Appeals. See United States v. Weinstock, 340 F.3d 200 (4th Cir. 2003).

[2] In his first motion for reconsideration, Petitioner sought to have this Court reconsider most of the claims he raised in his Motion to Vacate claiming that this Court erred in (1) failing to consider the Petitioner's due process right pursuant to 26.3; which is a "mandatory requirement"

2

Further the Court has considered and denied Petitioner's motion to disqualify the undersigned. The two issues raised in the instant motion were thoughtfully and throughly addressed in this Court's Order denying Petitioner's Motion to Vacate and have been raised in his previous motion for reconsideration.

Petitioner clearly disagrees with this Court's conclusions on each of these issues. However, that is not the standard for a motion for reconsideration. In this Court's previous Order denying Petitioner's second motion for reconsideration, the Court invited Petitioner to appeal this Court's ruling, however Petitioner has failed to do so thus far. This Court is certain that Petitioner is well aware of the authority of the Fourth Circuit's jurisdiction over judgements entered by this Court as Petitioner has availed himself of its authority earlier in this case. Therefore the Court will once again remind Petitioner that he, like all other litigants who may disagree with the rulings of this Court, has the ability to file an appeal of this Court's Order denying his Motion to Vacate. Any future motions to reconsider will be construed as abusive and will be summarily denied.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's third Motion for Reconsideration (Document No. 32) is <u>Denied</u>.

---

the district court "must do before" ordering a mistrial; (2) failing to consider the "full effect" of the Petitioner's Sixth Amendment right to effective assistance of counsel; and 3) in denying Petitioner's Motion to Amend. This Court concluded that because Petitioner was still clearly attacking his conviction and sentence, his Motion was a successive petition which this Court was without authority to consider since Petitioner had failed to certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

[3] In his second motion for reconsideration, Petitioner claimed that the Court's Order denying his Motion to vacate was a clear error of law in that the Court failed to correctly resolve the question of whether Petitioner was prejudiced by his counsel's ineffectiveness and the Court never considered Petitioner's due process rights before the Court ordered a mistrial.

**SO ORDERED**.

Signed: August 30, 2006

Richard L. Voorhees
United States District Judge