UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:03CV49-3-V
5:98CR289-V

| | |
|---|---|
| TERRY KERMIT JOHNSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's "Motion for Bail While Awaiting the Results of Appeal, of Denial of 28 U.S.C. 2255/ and Motion for Appointment of Counsel" (Document No. 40.)

On July 2, 2001 Judge Malcolm Howard sentenced Petitioner to 120 months imprisonment for possession of cocaine with intent to distribute following a jury trial. Petitioner appealed and the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence on March 20, 2002. Petitioner filed a certiorari petition in the Supreme Court which was denied on October 17, 2002. On April 18, 2003 Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence which was denied on July 5, 2005. Following the denial of his Motion to Vacate, Petitioner filed three motions for reconsideration and a motion to disqualify the undersigned, which were all denied.[1] By the instant

---

[1] Petitioner's first motion for reconsideration was filed on July 20, 2006 and denied by Order dated August 1, 2006 (Document No. 27). Petitioner filed a second motion for reconsideration on August 11, 2006, which was denied by Order dated August 16, 2006 (document No. 29). Petitioner filed a motion to disqualify the undersigned on August 18, 2006 which was denied by Order dated August 21, 2006 (Document No. 31.) On August 28, 2006 Petition filed his third motion for reconsideration which was denied by Order dated August 30, 3006 (Document No. 33.)

motion, Petitioner seeks to be released from custody during the pendency of his appeal of this Court's denial of this Motion to Vacate to the Fourth Circuit of Appeals and he also seeks the appointment of counsel.[2]

Federal Rule of Appellate Procedure 23 governs the issue of release of a state or federal prisoner who is collaterally attacking his criminal conviction. However, in the habeas context, release pending appeal is reserved for "extraordinary cases involving special circumstances or a high probability of success." Land v. Deeds, 878 F.2d 318 (9th Cir. 1989). A prisoner seeking release from custody under Rule 23 must demonstrate "not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990) (quoting Aronson v. May, 85 S. Ct 3, 5 (1964)); see also, U.S. V. Perkins, 53 Fed. Appx. 667 (4th Cir. 2002). Showing that there is a substantial question is not enough. Glynn v. Donnelly, 470 F.2d 95, 98 (1st Cir. 1972). The test is the same for a case in which the district court has already reviewed and rejected petitioner's habeas petition. U.S. v. Mett, 41 F.3d 1281 (9th Cir. 1994).

Mr. Johnson argues that this Court should grant his motion for release based on his "meritful (sic) issues." (Motion at 2.) Although Mr. Johnson cites to the appropriate standard governing this type of motion, he makes no attempt to argue any special or extraordinary circumstances. Mr. Johnson has not satisfied the high standard governing motions for release pending appeal. Therefore, Petitioner's Motion for Release Pending Appeal is denied.

---

[2] The Motion for Appointment of Counsel will be dismissed for lack of jurisdiction. The Clerk is directed to forward the motion to the Fourth Circuit Court of Appeals for a ruling.

Petitioner also requests that this Court appoint him a lawyer on appeal as he is untrained in the law. The Fourth Circuit, and not this Court, is the appropriate venue for such as motion. Therefore, this Court will dismiss this motion and direct the clerk to forward the motion for appointment of counsel to the Fourth Circuit Court of Appeals for disposition.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Motion for Bail is **DENIED** (Document No. 40) and Petitioner's Motion for the Appointment of Counsel (Document No. 40) is **DISMISSED**. The Clerk is directed to forward Petitioner's Motion for Appointment of Counsel to the Fourth Circuit Court of Appeals for disposition.

**SO ORDERED**.

Signed: October 2, 2006

Richard L. Voorhees
United States District Judge